O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No. 14-cv-03195 (VEB) |
| DOUGLAS WILLIAMSON, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In May of 2010, Plaintiff Douglas Williamson applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application in part.  Plaintiff, represented by Irene Ruzin, Esq., commenced this

action seeking judicial review of the Commissioner's partial denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 10). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on May 31, 2010, alleging disability beginning January 25, 2010, due to various physical impairments. (T at 220-23).[1]   The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On April 19, 2012, a hearing was held before ALJ Lawrence D. Wheeler. (T at 40).  Plaintiff appeared with his attorney and testified. (T at 43-45, 47, 48-53).  The ALJ also received testimony from Dr. Ronald Hatakeyama, a vocational expert (T at 46-48).

On May 15, 2012, the ALJ issued a written decision denying the application for benefits, in part.  (T at 22-37).  The ALJ's decision became the Commissioner's final decision on March 18, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

On April 25, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the unfavorable portion of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on November 7, 2014. (Docket No. 14).  The parties filed a Joint Stipulation on December 31, 2014. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for calculation of benefits.

**III. DISCUSSION**

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

1  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

2  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

3      "The [Commissioner's] determination that a plaintiff is not disabled will be

4  upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

5  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

6  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

7  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

8  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

9  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

10  *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

11  conclusions as the [Commissioner]  may reasonably draw from the evidence" will

12  also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

13  the Court considers the record as a whole, not just the evidence supporting the

14  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

15  1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

16      It is the role of the Commissioner, not this Court, to resolve conflicts in

17  evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

18  interpretation, the Court may not substitute its judgment for that of the

19  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 25, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2013. (T at 28).  The ALJ found that, since the alleged onset date, Plaintiff's osteoarthritis of the bilateral hips, status post bilateral hip arthroplasty and revision, and degenerative disc disease of the lumbar spine areas, status post multiple laminectomies and discectomies were "severe" impairments under the Act. (Tr. 28).

However, the ALJ concluded that, since the alleged onset date, Plaintiff has not had an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 28).

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

The ALJ determined that, since the alleged onset date, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), provided he was not required to do more than occasional kneeling, crouching, crawling, stooping, or bending; with no climbing ladders, ropes, or scaffolds and no exposure to uneven terrain or hazards. (T at 29).

The ALJ found that, since the alleged onset date, Plaintiff could not perform his past relevant work as a maintenance supervisor. (T at 32).

The ALJ noted that Plaintiff's age category changed to an individual closely approaching advanced age pursuant to 20 CFR § 404.1563 on October 22, 2010 (his 50th birthday). (T at 32). The ALJ determined that, prior to that date, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (T at 33).

However, the ALJ found that as of October 22, 2010, because of the change in Plaintiff's age category, there were no longer jobs that exist in significant numbers that Plaintiff can perform. (T at 33). As such, the ALJ denied the claim for benefits with regard to the period prior to October 22, 2010, but granted benefits thereafter. (T at 34). Thus, this appeal covers alleged benefits from January 25, 2010 to October 22, 2010.

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 21), Plaintiff offers three (3) arguments in support of his claim that the unfavorable portion of the Commissioner's decision should be reversed.  First, he contends that the ALJ did not properly weigh the medical opinion evidence.   Second, Plaintiff challenges the ALJ's credibility determination.  Third, he argues that the ALJ erred in assessing the onset date of disability.  This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. John Simmonds performed a consultative orthopedic evaluation in October of 2010. Dr. Simmonds diagnosed discogenic disease of the lumbosacral spine, status post laminectomy and diskectomy (x3), with current chronic lower back pain and myofascial pain of the lower back. He also diagnosed bilateral hip arthritis, status post total hip replacements complicated with infection, status post revision, with current chronic bilateral hip pain. (T at 444). Dr. Simmonds noted that Plaintiff had painful and restrictive range of motion of the

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1  lower back with pain along the paravertebral muscular groups, with no spasms, with

2  negative straight leg examination and negative sciatic nerve stress test.  He also

3  reported that Plaintiff had a painful and restrictive range of motion of both hips and

4  pain along the anterior thighs. (T at 445).

5      Dr. Simmonds opined that Plaintiff could push/pull/lift/carry 20 pounds

6  occasionally and 10 pounds frequently, walk/stand for 2 hours per day with multiple

7  10-15 minute breaks. (T at 445).  He determined that Plaintiff's work activity should

8  not last more than 10-15 minutes at a time.  Dr. Simmonds also concluded that

9  Plaintiff needed to use a cane primarily for balance, support, prolonged ambulation,

10  and during symptomatic events.  He found that Plaintiff was limited to occasional

11  postural activities (e.g. bending, kneeling, stooping, crawling, crouching).   Dr.

12  Simmons assessed no sitting restrictions and no limitation with regard to fine and

13  gross motor manipulative movements. (T at 445).

14      In April of 2012, Dr. Steven Steinberg, Plaintiff's treating physician,

15  completed a physical residual functional capacity questionnaire.  He opined that

16  Plaintiff could occasionally lift less than 10 pounds but never more than that;

17  stand/walk less than 2 hours in an 8-hour workday; needed a cane or assistive device

18  when walking; and could sit for less than 6 hours in an 8-hour workday. (T at 468).

19  Dr. Steinberg stated that he did not believe Plaintiff could work. (T at 468).

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1    The ALJ afforded Dr. Simmonds's assessment "significant probative weight."

2    (T at 31). However, the ALJ did not accept Dr. Simmonds's opinion regarding

3    Plaintiff's need to use a cane, finding that portion of his assessment unsupported by

4    the record. (T at 31). The ALJ gave "some probative weight" to Dr. Steinberg's

5    assessment, noting that Dr. Steinberg was "in a unique position to understand

6    [Plaintiff's] level of functioning." (T at 31). However, the ALJ did not afford

7    controlling weight to Dr. Steinberg's opinion, finding his "extreme assessment"

8    regarding Plaintiff's ability to perform postural activities not supported by the

9    record. (T at 31).

10   This Court finds the ALJ's assessment of the medical evidence flawed. First,

11   the ALJ gave Dr. Simmonds's assessment "significant probative weight" (T at 31),

12   but did not address Dr. Simmonds's finding that Plaintiff's work activity should not

13   last more than 10-15 minutes at a time. (T at 445). This omission, *i.e.* the inability to

14   work for more than 10-15 minutes at a time, is at odds with the ALJ's conclusion

15   that Plaintiff retained the RFC to perform some sedentary work. (T at 29).

16   The Commissioner contends that the ALJ's failure to address this limitation

17   was harmless. To that end, the Commissioner asserts that Dr. Simmonds's "10-15

18   minute limitation" did not apply to sedentary activities, noting that Dr. Simmonds

19   also opined that Plaintiff could sit without restriction. (T at 445). Although this is a

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

possible explanation, it was not offered by the ALJ.  "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking," or for that matter should have been thinking.  *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).  The facts are that (1) Dr. Simmonds stated, plainly, that "No work activity should last more than 10-15 minutes at a time" (T at 445), (2) the ALJ afforded "significant probative weight" to Dr. Simmonds's assessment, and (3) the ALJ never addressed the "10-15 minute limitation" or reconciled it with the RFC determination.   A remand is thus required.

The ALJ's consideration of Dr. Steinberg's opinion was also flawed.   In particular, the ALJ discounted Dr. Steinberg's assessment on the ground that it was inconsistent with Dr. Simmonds's opinion.  (T at 31).  However, as discussed above, the ALJ never addressed Dr. Simmonds's "10-15 minute limitation."   If that limitation is taken at face value, then Dr. Steinberg's finding that Plaintiff was unable to work (T at 468) is not necessarily contradicted by Dr. Simmonds's conclusion.

In addition, the ALJ did not adequately resolve the difference of opinion between Dr. Simmonds and Dr. Steinberg with regard to Plaintiff's ability to sit for

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1  prolonged periods.  Dr. Simmonds assessed no restrictions as to sitting. (T at 445).

2  Dr. Steinberg opined that Plaintiff could not sit for more than 6 hours in an 8-hour

3  workday. (T at 468).

4        The ALJ recognized that Dr. Steinberg was in a better position to assess

5  Plaintiff's limitations as a treating physician. (T at 31).  However, the ALJ then

6  accepted Dr. Simmonds's assessment of Plaintiff's sitting ability.  The ALJ did not

7  offer a sufficient rationale for accepting the assessment of Dr. Simmonds (a

8  consultative examiner) over the finding of Dr. Steinberg (the treating physician).

9        Indeed, the ALJ found that the objective medical evidence, clinical findings,

10  and course of treatment all lent support to Plaintiff's allegations. (T at 30-31).  The

11  ALJ justified the decision to discount Dr. Steinberg's assessment by noting that

12  clinical findings in the record "showed limited range of motion of the spine and

13  bilateral hips," but indicated that "the rest of the musculoskeletal system was

14  normal." (T at 31).  However, the record contains Dr. Steinberg's findings that

15  Plaintiff experiences "permanent stiffness and lack of motion" (T at 461), along with

16  "chronic back pain." (T at 463).  In addition, Dr. Steinberg's conclusion regarding

17  Plaintiff's limitation with respect to sitting for prolonged periods was consistent with

18  Plaintiff's subjective complaints, which the ALJ improperly discounted for the

19  reasons stated below.

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1    The ALJ also explained that he was discounting Dr. Steinberg's opinion

2  because it was "inconsistent with the opinion of Dr. Simmonds, which [the ALJ] …

3  determined [was] deserving of significant probative weight." (T at 31).  However,

4  this simply restates the ALJ's conclusion that Dr. Simmonds's opinion is entitled to

5  greater weight; it is not a *reason* or *explanation* for why the consultative examiner's

6  opinion was accepted instead of the treating physician's.  Accordingly, this Court

7  finds the ALJ's consideration of Dr. Steinberg's assessment flawed.

8  **B.    Credibility**

9    A claimant's subjective complaints concerning his or her limitations are an

10  important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

11  1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

12  claimant's credibility must be supported by specific cogent reasons. *Rashad v.*

13  *Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of

14  malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

15  and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

16  findings are insufficient: rather the ALJ must identify what testimony is not credible

17  and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834;

18  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

19

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He worked for 24 years as a maintenance supervisor for a school district. (T at 48).  In 2008, he was hospitalized for 111 days due to a series of hip procedures; in 2009 he was in the hospital for 60 days. (T at 49).  He was out of work from June 2008 to June 2009 and frequently missed work after his return. (Tat 50).  Following hip replacement surgery in 2009, Plaintiff "no longer had the ability to sit for any length of time, stand for any length of time" and missed "a lot of work due to pain." (T at 48).  His employer felt he was no longer able to perform his job duties and terminated him "due to medical leave." (T at 48).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were "not credible to the extent they [were] inconsistent with the [RFC] assessment . . . ." (T at 30).

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1    However, the ALJ did not offer any specific reasons for discounting Plaintiff's

2    allegations.   Instead, the ALJ followed this finding with numerous reasons why the

3    record *supported* Plaintiff's allegations.   In particular, the ALJ found that the

4    objective medical evidence, clinical findings, surgical history, course of treatment,

5    and opinion evidence were all essentially supportive of Plaintiff's allegations. (T at

6    30-31).   In addition, Plaintiff has an excellent work record (nearly a quarter century

7    of work as a maintenance supervisor for a school district), which provides another

8    reason for crediting his claims. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist.

9    LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009).

10    The ALJ found that Plaintiff's subjective complaints were not credible to the

11    extent they were inconsistent with the RFC determination.   But, again, this is a

12    restatement of the ALJ's decision, not a *rationale* or *reason* for it.   Plaintiff's

13    testimony regarding his inability to sit for prolonged period was supported by the

14    findings of Dr. Steinberg, his treating physician, whom the ALJ recognized was "in

15    a unique position to understand [Plaintiff's] level of functioning." (T at 31).   As the

16    ALJ noted, Plaintiff's testimony was supported by the objective medical evidence,

17    clinical findings, surgical history, and course of treatment. (T at 30-31).   The ALJ

18    failed to provide legally sufficient reasons for discounting Plaintiff's credibility.

19

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

1    **C.     Onset Date**

2          The ALJ determined that, since January 25, 2010 (the alleged onset date),

3    Plaintiff retained the residual functional capacity ("RFC") to perform sedentary

4    work as defined in 20 CFR § 416.967 (a), with some non-exertional limitations. (T

5    at 29).  The ALJ further found that, since the alleged onset date, Plaintiff could not

6    perform his past relevant work as a maintenance supervisor. (T at 32).  The ALJ

7    noted that Plaintiff's age category changed to an individual closely approaching

8    advanced age pursuant to 20 CFR § 404.1563 on his 50th birthday, October 22, 2010.

9    (T at 32).  The ALJ determined that, prior to that date, there were jobs that exist in

10   significant numbers in the national economy that Plaintiff could have performed. (T

11   at 33).  However, the ALJ found that as of October 22, 2010, because of the change

12   in Plaintiff's age category, there were no longer jobs that exist in significant

13   numbers that Plaintiff can perform. (T at 33).  As such, the ALJ denied the claim for

14   benefits with regard to the period prior to October 22, 2010, but granted benefits

15   thereafter. (T at 34).

16         Plaintiff contends that the ALJ erred and should have consulted a medical

17   expert to determine the onset of disability.  This Court agrees that the ALJ erred, but

18   finds that it was not necessary for the ALJ to have consulted a medical expert.

19   Plaintiff testified that he stopped working in December of 2009 because he was not

20

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

able to sit or stand for "any length of time." (T at 48).  As the ALJ noted, this testimony was generally supported by the objective medical evidence, clinical findings, surgical history, and course of treatment. (T at 30-31).  It was also consistent with Dr. Steinberg's assessment.  Although that assessment was rendered in April of 2012, after the alleged onset date, Dr. Steinberg makes it clear that Plaintiff's limitations arise from his multiple surgeries and problems, all of which pre-dated the alleged onset date. (T at 468-69).  Dr. Simmonds, the consultative examiner, rendered his opinion on October 21, 2010 (one day prior to the disability date determined by the ALJ).  Although he found no sitting limitation, Dr. Simmons concluded that Plaintiff's "work activity should [not] last more than 10-15 minutes at a time" (T at 445)

Properly considered, the evidence leads to the conclusion that Plaintiff became unable to perform the prolonged periods of sitting required for sedentary work as far back as January 25, 2010. *See Norman v. Barnhart*, No. SA CV 04-902, at *20-21 (Cal. C.D. Jan. 25, 2006).  Accordingly, this Court finds sufficient evidence in the record, without the need for an outside expert, to conclude that Plaintiff became disabled as of the alleged onset date.

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

**D.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

Here, for the reasons outlined above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Steinberg's opinion and did not address a key

portion of Dr. Simmonds's assessment.   The record has been fully developed. Plaintiff's treating physician assessed disabling limitations and, as set forth above, the ALJ's decision to discount that opinion cannot be sustained.   The ALJ recognized that Plaintiff's allegations of disabling pain and limitations were supported by the objective medical evidence, clinical findings, surgical history, and course of treatment As such, this Court finds that a remand for calculation of benefits is the appropriate remedy.

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB

**V. ORDERS**

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for calculation of benefits, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 8th day of February, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – WILLIAMSON v COLVIN 14-CV-03195-VEB